MICHAEL R. BLAHA, ESQ., State Bar No. 89209
LAW OFFICES OF MICHAEL R. BLAHA
2530 Wilshire Boulevard, Third Floor
Santa Monica, California  90403
Telephone:  (310) 828-4847
Fax:            (310) 496-2662
e-mail: mike@blahalaw.com

Attorneys for Plaintiff MICHAEL HYATT

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MICHAEL HYATT,<br><br>   Plaintiff,<br><br>vs.<br><br>CHEEZY FLICKS ENTERTAINMENT, LLC, an Oregon limited liability company and DOES 1 through 10, inclusive<br><br>   Defendants. | CASE NO.: 2:15-cv-3541<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff MICHAEL HYATT ("Plaintiff") complains and alleges as follows:

**JURISDICTION AND VENUE**

1.     This court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331

1 and 1338(a) insofar as it as an action for copyright infringement arising under 17 U.S.C. §§ 101, *et seq.* This court also has diversity jurisdiction under 28 U.S.C. § 1332 insofar as the Plaintiff and Defendant CHEEZY FLICKS ENTERTAINMENT, LLC ("Defendant") are citizens of different States and the amount in controversy exceeds the value of $75,000.

2. This court has personal jurisdiction over Defendant because Defendant has personally directed its wrongful activities at the State of California and this District. Specifically, (a) Defendant has transacted and continues to transact business in the State of California and this District, (b) a substantial part of Defendant's wrongful acts have occurred in interstate commerce, in the State of California and this District, and (c) Defendant knows that the damages and other harmful effects of Defendant's infringing activities occur in this state where Plaintiff has his principal place of business.

3. Venue is proper in this court under 28 U.S.C. §§ 1391(b)(2) and 1400(a).

**THE PARTIES**

4. Plaintiff is an individual who resides in Los Angeles, California.

5. Defendant is an Oregon limited liability company which has a principal

place of business in Portland, Oregon.  Defendant is in the business of selling DVD copies of motion pictures directly to consumers and transacts said business by offering such DVDs for sale via its website, www.cheezyflicks.com, including to customers who reside in this district.   In addition, Defendant is in the business of selling DVD copies of motion pictures to other distributors and retail stores throughout the United States, including some located in this district.

6. The true names and capacities, whether corporate, associated, or otherwise, of Defendant DOES 1 through 10, inclusive, are presently unknown to Plaintiff, who, therefore, sues these Defendants by these fictitious names.  Plaintiff will amend this Complaint to show their true names and capacities when they are ascertained.  Plaintiff is informed and believe, and on that basis alleges, that at all times mentioned herein, each Defendant, including each fictitiously-named Defendant, was the agent, servant, representative, and employee of each other Defendant, and was acting within the scope and authority as agent, servant, representative, or employee, and with the permission, consent, authorization, and ratification of each such other Defendant.

/ / /

/ / /

COMPLAINT FOR COPYRIGHT INFRINGEMENT 3

# PLAINTIFF'S OWNERSHIP OF EXCLUSIVE RIGHTS IN THE FILM UNDER 17 U.S.C § 106

7.  As demonstrated hereinbelow, Plaintiff is the owner of the exclusive right to reproduce copies of, distribute copies to the public of, and publicly perform the classic science fiction motion picture "THE DAY OF THE TRIFFIDS" (the "Film") throughout the United States and most of the world in perpetuity.

8.  The Film was originally registered for copyright on February 18, 1963 in the name of Security Pictures, Ltd. ("Security"), U.S. Copyright Registration No. LP0000023722.  The Copyright in the Film was renewed on September 19, 1990, Renewal Registration No. RE0000491410 by Security's assignee, MPH Films ("MPH").

9.  On December 12, 1995, MPH conveyed and assigned to TV Matters ("TV") certain exclusive distribution rights in the Film in foreign territories in perpetuity.  On February 16, 1996, MPH conveyed and assigned to Plaintiff the exclusive right to reproduce and distribute copies, and to theatrically and non-theatrically exhibit, the Film in the United States and Canada in perpetuity.   On June 19, 1996, MPH assigned to TV Matters the broadcast, cable and satellite rights in the Film in the United States and Canada in perpetuity.

10.     On March 14, 2003, Hyatt filed a Declaratory Relief Action against TV in this Court, Case No. CV-03–1834-WJR, seeking a declaration, *inter alia,* that Plaintiff owned his exclusive U.S. and Canadian rights in the Film free and clear of any rights in the Film claimed by TV (the "Declaratory Relief Action").  On April 12, 2004, TV and Plaintiff entered into an agreement to settle the Declaratory Relief Action (the "Settlement Agreement").   In paragraph B.1(a)(i), TV acknowledged and confirmed that Plaintiff owned the exclusive theatrical and home video rights in the Film in U.S. and Canada.

11.     On April 14, 2014, TV's successor-in-interest, Ignite Films Distribution Services ("Ignite") and Plaintiff entered into an agreement amending the Settlement Agreement (the "Amendment').   The Amendment amended paragraph B.1(a)(i) of the Settlement Agreement so that Ignite acknowledged and confirmed that Plaintiff owned the exclusive right to distribute the Film in all media now known or hereafter devised in the U.S. and Canada in perpetuity.

12.     On October 6, 2014, Ignite and Plaintiff entered into an Agreement whereby Ignite sold all of its right, title and interest in the Film to Plaintiff ("Sales Agreement").    The Sales Agreement conveyed and assigned to Plaintiff all of Ignite's exclusive rights to distribute the Film in all media now known of hereafter

COMPLAINT FOR COPYRIGHT INFRINGEMENT                         5

devised throughout the world in perpetuity, with the exception of certain enumerated foreign territories.

## FIRST CLAIM FOR RELIEF FOR COPYRIGHT INFRINGEMENT
### (17 U.S.C. § 101, *et seq.*)

13. Plaintiff incorporates by reference each and every allegation set forth in Paragraphs 1 through 12, inclusive, as though fully set forth herein.

14. As alleged hereinabove, Defendant operates a website called www.cheezyflicks.com ("the Website") from which it offers for sale and sells DVD copies of motion pictures, including the Film. Defendant also sells DVD copies of motion pictures, including the Film, to other distributors and retail stores, some of which are located in this district.

15. Plaintiff, the owner of the exclusive right to distribute copies of the Film to the public in the United States and other territories throughout the world, has never licensed, authorized or granted permission to Defendant to sell DVD copies of the Film on Defendant's Website, directly to other distributors or retail stores, or otherwise.

16. On the home page of the Website, Defendant states that every movie which it releases on the Website "is produced in our own state-of-the-art, digital post-production and DVD duplication facility." Plaintiff, the owner of the exclusive

right to reproduce copies of the Film in the United States and other territories throughout the world, has never licensed, authorized or granted permission to Defendant to reproduce copies of the Film in the DVD format or otherwise.

17. Plaintiff has repeatedly demanded that Defendant cease and desist from distributing and reproducing copies of the Film on DVD and otherwise. Notwithstanding those demands, Defendant has continued its wrongful and infringing conduct.

18. By the wrongful and unauthorized acts alleged hereinabove, Defendant has wilfully, purposefully and intentionally infringed Plaintiff's exclusive rights of reproduction and distribution of the Film in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.

19. As a direct and proximate result of Defendant's aforementioned wrongful conduct and infringement of Plaintiff's exclusive rights under copyright in and to the Film, Plaintiff has sustained and will continue to sustain actual damages. Plaintiff is entitled to recover such actual damages from Defendant plus Defendant's actual profits from such infringement, as will be proven at trial. Alternatively, at Plaintiff's election, Plaintiff is entitled to the maximum statutory damages for such infringement as permitted by 17 U.S.C. § 504(c).

20.     Defendant's acts have caused and will continue to cause substantial irreparable harm to Plaintiff.  Unless Defendant is enjoined from engaging in its wrongful conduct, Plaintiff will suffer further irreparable harm, for which he has no adequate remedy at law.   Accordingly, Plaintiff is entitled to an injunction against Defendant's continued reproduction and sale of the Film under 17 U.S.C. § 502 and an order impounding all infringing copies of the Film, all masters, negatives, tapes or other sources of said infringing copies, and all artwork, packaging, and advertising and marketing materials related to the Film in Defendant's possession under 17 U.S.C.§ 503.

21.     Plaintiff is entitled to its attorney's fees and costs under 17 U.S.C. § 505.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff pray that this court enter judgment against Defendant as follows:

1.      Preliminarily and permanently enjoining, Defendant, and its officers, directors, agents, servants, licensees, partners, affiliates, successors and assigns, and each of their respective officers, directors, agents, servants, employees, partners, representatives, and all others acting directly or indirectly in concert or participation

with Defendant or with any of the foregoing during the pendency of this action and permanently thereafter from:

    (a)    Infringing any of Plaintiff's exclusive rights to reproduce or distribute copies of the Film on DVDs through the Website, directly to other distributors and retail stores or otherwise; and

    (b)    Advertising, marketing, or offering for sale, license, or distribution the Film in any media on the Website or otherwise;

2.    For an award of damages which Plaintiff has sustained due to Defendant's acts of copyright infringement and to account and pay to Plaintiff all of Defendant's gains, direct and indirect profits, advantages and benefits derived by Defendant by reason of its acts of copyright infringement; or, at Plaintiff's election, maximum statutory damages as permitted by 17 U.S.C. § 504(c) for Defendant's acts of copyright infringement;

3.    For an order impounding all infringing copies of the Film, and all masters, negatives, tapes or other sources of said infringing copies and all artwork, packaging, and advertising and marketing materials related to the Film in Defendant's possession;

4.    Plaintiff's reasonable attorney's fees and costs;

5. Pre-judgment and post-judgment interest in the maximum amount permissible under the law; and

6. Such other and further relief as the court deems just and proper.

DATED: May 12, 2015         LAW OFFICES OF MICHAEL R. BLAHA

By:   /s/ Michael R. Blaha
        MICHAEL R. BLAHA
        Attorneys for Plaintiff
        MICHAEL HYATT

DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

DATED: May 12, 2015         LAW OFFICES OF MICHAEL R. BLAHA


By: /s/ Michael R. Blaha
    MICHAEL R. BLAHA
    Attorneys for Plaintiff
    MICHAEL HYATT