# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| MICHAEL HYATT,<br><br>    Plaintiff,<br><br>    v.<br><br>CHEEZY FLICKS ENTERTAINMENT, LLC,<br><br>    Defendants. | CV 15-03541 TJH (AJWx)<br><br>Order<br>Judgment and<br>Permanent Injunction |

JS-6

    The Court has considered Plaintiff Michael Hyatt's motion for summary judgment as to damages and other remedies, together with the moving and opposing papers.

    On May 2, 2016, the Court granted summary judgment in favor of Hyatt, and against Cheezy Flicks Entertainment, LLC ["Cheezy Flicks"], as to liability for Cheezy Flicks' copyright infringement of the film, "The Day of the Triffids" ["the Film"]. Hyatt, now, seeks a determination of actual damages, under 17 U.S.C. § 504, in the amount of $45,494.00.

    Under § 504(b), Hyatt may recover, *inter alia*, the actual damages suffered by him as a result of the infringement. Hyatt must present proof of Cheezy Flicks' gross

revenue, after which Cheezy Flicks must prove its deductible expenses and the elements of profit attributable to factors other than the copyrighted work. *See* 17 U.S.C. § 504(b). Here, Hyatt has presented Cheezy Flicks' admission that it sold 13,275 copies of the Film with gross sales totaling $45,494.00. In its opposition, Cheezy Flicks points to its verified interrogatory response which estimated that it incurred $13,698.00 in expenses, with no further detail. This estimation of expenses lacks a foundation and is, therefore, inadmissible. *See S.E.C. v. Phan*, 500 F.3d 895, 913 (9th Cir. 2007). Accordingly, Hyatt is entitled to recover the gross sales amount of $45,494.00.

Hyatt, also, seeks equitable relief enjoining Cheezy Flicks from continuing to infringe the Film's copyright and impounding Cheezy Films' copies of the Film. Under 17 U.S.C. § 502, the Court has the authority to permanently enjoin copyright infringement. The facts of this case support the issuance of a permanent injunction. Similarly, there exists a sufficient factual basis under 17 U.S.C. 503(b) to impound all infringing copies of the Film that are in the possession of Cheezy Flicks and its agents.

Hyatt, further, requests attorney's fees and costs. In considering whether to award fees under the Copyright Act, the Court considered, *inter alia*, the degree of Hyatt's success; his motivation; the objective reasonableness of the factual and legal arguments; and the need for compensation and deterrence. *See Maljack Prods., Inc. v. GoodTimes Home Video Corp.*, 81 F.3d 881, 889 (9th Cir. 1996). The Court considered all the circumstances of this case in light of the Copyright Act's essential goals. *See Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1983 (2016).

"[C]opyright law ultimately serves the purpose of enriching the general public through access to creative works, [and] it is peculiarly important that the boundaries of copyright law be demarcated as clearly as possible." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 527 (1994). Here, Hyatt will receive actual damages and injunctive relief tailored to the infringement of the Film. Hyatt has not suggested how an award of attorney's fees would "serve[] the purpose of enriching the general public through access to creative works," or otherwise serve the purposes of the Copyright Act.

*Fogerty*, 510 U.S. at 527. While other cases may present facts that support the award of attorney's fees, this case does not. Here, the facts weigh against an award of attorney's fees.

Accordingly,

**It is Ordered** that Plaintiff's motion for summary judgment as to damages be, and hereby is, **Granted**.

**It is Further Ordered, Adjudged and Decreed** that Defendant Cheezy Flicks shall pay to Plaintiff actual damages in the amount of $45,494.00.

**It is Further Ordered, Adjudged and Decreed** that Defendant Cheezy Flicks, its officers, directors, agents, servants, licensees, partners, affiliates, successors and assigns, and each of their respective officers, directors, agents, servants, employees, partners, representatives, and all others acting directly or indirectly in concert or participation with Defendant or with any of the foregoing be, and hereby are, **Permanently Enjoined** from:

1. Infringing any of Plaintiff's exclusive rights to reproduce or distribute copies of the Film in any format and through any distribution channel, including, but not limited to, Defendant's website, through other distributors, and retail stores; and

2. Advertising, marketing, selling, offering for sale, licensing, or distributing the Film in any media or format.

**It is Further Ordered, Adjudged and Decreed** that all copies of the Film, including, but not limited to, DVDs, masters, copies, negatives and tapes, as well as all artwork, packaging, advertising and marketing materials related to the Film in Defendant's possession shall be delivered, within thirty (30) days of the date of this

order, to Plaintiff's counsel at the following address:

Michael R. Blaha
2530 Wilshire Boulevard, Third Floor
Santa Monica, California  90403

Date: November 18, 2016

_____
Terry J. Hatter, Jr.
Senior United States District Judge